F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY WYATT,

      Petitioner-Appellant,

v.

BOBBY BOONE; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 99-7087

(D.C. No. 97-CV-261-S)
(E.D.Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ricky Wyatt seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny a certificate of appealability and

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismiss the appeal.

Wyatt was convicted in Oklahoma state court of first degree burglary, forcible sodomy, first degree rape, and robbery with a dangerous weapon. The Oklahoma Court of Criminal Appeals affirmed his convictions on October 20, 1993. In 1996, the state court denied Wyatt's application for post-conviction relief and the Oklahoma Court of Criminal Appeals affirmed that denial on February 5, 1997. Wyatt filed his federal 28 U.S.C. § 2255 petition for habeas corpus on April 24, 1997, alleging fifteen grounds for relief. The magistrate judge found Wyatt was not entitled to relief. The district court adopted the magistrate's findings and denied Wyatt's petition for writ of habeas corpus and his request for a certificate of appealability.

On appeal, Wyatt raises the same fifteen grounds for relief that he raised with the district court: (1) the trial court erred in admitting the statement of Dennis Miller when it had not been presented to defense counsel; (2) the trial court erred in admitting evidence of his prior crime; (3) he was subjected to double jeopardy because the robbery and the burglary arose from the same transaction; (4) the trial court erred in denying his motion for continuance; (5) he received ineffective assistance of appellate counsel; (6) he received ineffective assistance of counsel at every stage of the criminal proceedings; (7) he received ineffective assistance of trial counsel; (8) he was denied adequate time to prepare

2

for trial; (9) the trial court erred in giving the jury "guilty" verdict forms rather than "not guilty" verdict forms; (10) the trial court erred in admitting his coerced written statement that violated *Miranda*; (11) the Oklahoma Court of Criminal Appeals applied the incorrect law to his direct appeal; (12) expert testimony on the credibility of the victim was reversible error; (13) the trial court erred in not instructing the jury on corroboration of rape; (14) the trial court failed to properly instruct the jury on the presumption of innocence; and (15) he was denied the right to purchase the state's exhibit of his statement to authorities.

After careful review of the record, we conclude the analysis and conclusions set forth in the magistrate's report, as adopted by the district court, are correct and that Wyatt's challenge to the decision lacks merit. Therefore, we adopt the magistrate's findings and recommendation as the opinion of this court. See Herrera v. International Union, 73 F.3d 1056, 1057 (10th Cir. 1996) (adopting district court's opinion).

Wyatt's request for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3

Attachment not available electronically.